UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

2007 DEC 12 P 3:46

|  |  |
|---|---|
| ANGELA MAGGIACOMO ) | |
| PLAINTIFF ) | |
| ) | |
| vs. ) | |
| ) | |
| DEWAYNE RUARK ) | |
| DEFENDANT ) | CIVIL ACTION NO.: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. The Plaintiff, Angela Maggiacomo, is an adult individual who resides in Massachusetts.

2. The Defendant, Dewayne Ruark (hereinafter "Ruark"), is an adult individual, who resides at 676 Rosewood Drive, Lexington, Kentucky.

### JURISDICTION

3. This court has jurisdiction pursuant to 28 U.S.C. 1332

### FACTS

5. In February 1992, Angela Thayer (hereinafter "Angela") and Dewayne Ruark were married in Vanceburg, Lewis County Kentucky.

6. There were two children of this union, a son Cameron (date of birth February 15, 1993) and a daughter, Lendsey (date of birth September 23, 1994).

7. Angela was granted primary physical custody of the children.

8. Angela moved from Kentucky to Orlando, Florida, in June 2002, with the children, having received permission from the Lewis County District Court, Judge Nichols presiding, to leave the state.

9.  On November 22, 2002, Angela obtained an emergency protective order, from the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida because Mr. Ruark, over the telephone, threatened the children's lives and informing the mother that he felt no restrictions to taking nude photos of the children.

10. In further proceedings, the matter was referred to Florida's Department of Children and Families (hereinafter "DCF") for further action. DCF completed an investigation finding that there was abuse by Mr. Ruark, which included Mr. Ruark watching the minor daughter bathing and making comments such as "you make me hot", as well as restricting the children from flushing the toilet they were using for days.

11. Because of an employment opportunity, Mr. and Mrs. Maggiacomo, along with the children, moved to South Carolina in the May 2003.

12. The father was allowed summer visitation with the children from May, 2003 to August 2003.

13. On September 23, 2003, Mr. Ruark committed assault of a highly aggravated nature against mother and children and was charged with same.

14. On December 9, 2003, Cameron disclosed, to his mother and stepfather, that he was forced by his biological father, Mr. Ruark, to pose for Polaroid photos in his underwear during the summer visitation with his father.

15. South Carolina law enforcement was notified and they sent Cameron to the Assessment and Resource Center (hereinafter "ARC"), a division of the South Carolina Department of Mental Health. ARC conducted a forensic mental health evaluation.

16. During this two hour forensic mental health evaluation, on January 5, 2004, Cameron confirmed with the investigators that he was forced at gun point by Mr. Ruark to pose in sexually explicit positions while Mr. Ruark took polaroid pictures of him. Cameron further stated that four to five men were present when this occurred and these men subsequently exchanged cash with Mr. Ruark for these pictures. In a follow-up interview conducted on February 4, 2004, Cameron disclosed that Mr. Ruark also pointed a rifle at his son and threatened Cameron that if his son did not fondle his own penis he would be shot.

17. On January 14, 2004, Lendsey disclosed to her mother that she had been raped by her biological father, Mr. Ruark.

18. South Carolina Law Enforcement was notified, and they sent Lendsey to ARC.

19. ARC conducted a forensic mental health evaluation of Lendsey on January 15, 2004.

20. During the forensic mental health evaluation, on January 15, 2004, Lendsey confirmed with the investigators that she had been raped at knifepoint by her biological father, Mr. Ruark.

21. At two subsequent Domestic Relations Commissioner hearings held in Lewis County, Kentucky, Mr. Ruark denied all allegations, and committed perjury when making counter statements against Angela Maggiacomo

22. As a result of Mr. Ruark's perjury, the Lewis County Domestic Relations Commissioner transferred sole custody to Mr. Ruark.

### COUNT ONE: FRUAD

23. Plaintiff reavers and restates paragraphs one through twenty two as if stated.

24. Mr. Ruark committed fraud against Angel Maggiacomo when he perjured himself during the Domestic Relations Commission hearing.

### COUNT TWO: MISREPRESENTATION

25. Plaintiff reavers and restates paragraphs one through twenty four as if stated.

26. Mr. Ruark committed misrepresentation against Angel Maggiacomo when he perjured himself during the Domestic Relations Commission hearing.

### COUNT THREE: INTENTIONAL INFLICITON OF EMOTIONAL DISTRESS

27. Plaintiff reavers and restates paragraphs one through twenty six as if stated.

28. Mr. Ruark committed intentional infliction of emotional distress against Angel Maggiacomo when he perjured himself during the Domestic Relations Commission hearing.

### COUNT FOUR: SLANDER

29. Plaintiff reavers and restates paragraphs one through twenty eight.

30. Mr. Ruark committed slander against Angel Maggiacomo when he perjured himself during the Domestic Relations Commission hearing.

### COUNT FIVE: DEFAMATION

31. Plaintiff reavers and restates paragraphs one through thirty

32. Mr. Ruark committed defamation against Angel Maggiacomo when he perjured himself during the Domestic Relations Commission hearing.

### DAMAGES

Wherefore, the Plaintiff requests damages in excess of $75,000.00, as required under 28 U.S.C. § 1332, and in the amount of 50,000,000.00.

### DEMAND FOR JURY TRIAL

Wherefore, the Plaintiff requests a trial by jury.

Respectfully Submitted
Angela Maggiacom
By her attorney

November 30, 2007

Joseph Maggiacomo III, Esq
(BBO 649669)
15 Cottage Avenue, 3rd Flr.
Quincy, MA 02169
617-869-4142