**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

_____

**ANGELA MAGGIACOMO,**
                Plaintiff,

vs.
                                                  **Case No. 07-CV-12297-WGY**

**DEWAYNE RUARK,**
                Defendant.

_____

**MOTION FOR ASSESSMENT OF ATTORNEY'S FEES
PURSUANT TO G.L. C. 231, §59H**

_____

The defendant, DeWayne Ruark, pursuant to the provisions of Section 59H of Chapter 231 of the General Laws, hereby moves this Court for an assessment of attorney's fees incurred in this matter. In support, the defendant submits herewith the Affidavit of Brian A. Gillis, Esq. and states as follows:

      1.      On October 6, 2008, the defendant filed his motion to set aside the default that had recently entered against him and to dismiss the plaintiff's amended complaint on the grounds that, *inter alia*, the plaintiff's claims were barred by the Massachusetts anti-SLAPP statute. On November 4, 2008, this Court (per Young, D.J.) ruled that "Defendant's Motion to Dismiss is Allowed." Order of Dismissal, entered herein on November 6, 2008. Section 59H of Chapter 231 of the General Laws provides:

> If the court grants such special motion to dismiss, the court shall award the moving party costs and reasonable attorney's fees, including those incurred for the special motion and any related discovery matters.

G.L. c. 231, §59H. Accordingly, pursuant to the Massachusetts anti-SLAPP statute, the defendant now hereby submits his counsel's affidavit with respect to the attorney's fees and expenses he incurred in support of his motion to dismiss.

  2. Awarding the defendant his fees and expenses incurred in defending this action is particularly appropriate here because the plaintiff's claims in this action—her 4th against the defendant in this Court (all of which have now been dismissed)—lacked any merit whatsoever and fell clearly within the prohibition of the Massachusetts anti-SLAPP statute.  As set forth in her amended complaint, the claims of the plaintiff, Angela Maggiacomo (née Ruark), the former spouse of the defendant, all allegedly arose from Mr. Ruark's purportedly perjurious testimony in the state court of the Commonwealth of Kentucky in connection with the divorce and child custody proceedings between the parties.  See Plaintiff's Amended Complaint.  The Massachusetts anti-SLAPP statute specifically defines petitioning activities to include "any written or oral statement made before or submitted to a . . . judicial body; . . . any written or oral statement made in connection with an issue under consideration . . . by a judicial body; . . . any statement reasonably likely to enlist public participation in an effort to effect such consideration; . . . or any other statement falling within constitutional protection of the right to petition government." G. L. c. 231, s. 59H.  As a result, on the face of her amended complaint the plaintiff sought to assert claims clearly within the prohibition of the statute.  Though she was afforded an opportunity to "show[] that: (1) the moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party's acts caused actual injury to the responding party," the plaintiff never filed any response to the motion with the Court.  Despite that, when contacted prior to the filing of the motion, the plaintiff's counsel refused to dismiss the action and forced the defendant to proceed with the preparation and filing of his motion to dismiss.  See Certificate of Consultation, filed herein.  Therefore, as provided under the Massachusetts

anti-SLAPP statute, this Court should assess attorney's fees against the plaintiff and her counsel and in favor of the defendant, DeWayne Ruark, in the amount of $4,218.30.

        Respectfully submitted,

        By the Defendant,

          /s/ Brian A. Gillis, Esq.
        Brian A. Gillis, Esq.  BBO# 547767
        Forty-Five School Street
        Boston, Massachusetts 02108
        (617) 720-4443

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon each party appearing pro se and the attorney of record for each other party by electronic delivery on November 12, 2008.

          /s/ Brian A. Gillis, Esq.
        Brian A. Gillis, Esq.