**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

_____

**ANGELA MAGGIACOMO,**
                Plaintiff,

vs.

                                            **Case No. 07-CV-12297-WGY**

**DEWAYNE RUARK,**
                Defendant.
_____

**AFFIDAVIT OF BRIAN A. GILLIS, ESQ. IN SUPPORT OF AWARD OF
ATTORNEY'S FEES AND COSTS PURSUANT TO
SECTION 59H OF CHAPTER 231 OF THE MASSACHUSETTS GENERAL LAWS**
_____

I, Brian A. Gillis, Esq., on oath, depose and say as follows:

1.     I am a member in good standing of the Bar of the Commonwealth of Massachusetts and the Bar of the United States District Court for the District of Massachusetts. I am the attorney for the defendant, DeWayne Ruark, in the above referenced matter. I have personal knowledge of the matters stated herein and submit this Affidavit to establish the defendant's attorney's fees incurred in this matter, including those incurred in connection with his motion to dismiss the plaintiff's complaint pursuant to the Massachusetts Anti-SLAPP statute, Section 59H of Chapter 231 of the General Laws, which provides in relevant part: "If the court grants such special motion to dismiss, the court shall award the moving party costs and reasonable attorney's fees, including those incurred for the special motion and any related discovery matters."

2.     On October 6, 2008, the defendant filed his motion to set aside the default that had recently entered against him and to dismiss the plaintiff's amended complaint on the grounds that, *inter alia*, the plaintiff's claims were barred by the Massachusetts anti-

SLAPP statute.  On November 4, 2008, this Court (per Young, D.J.) ruled that "Defendant's Motion to Dismiss is Allowed."  Order of Dismissal, entered herein on November 6, 2008.  Accordingly, pursuant to the Massachusetts anti-SLAPP statute, the defendant hereby submits this affidavit with respect to the attorney's fees and expenses he incurred in support of his special motion to dismiss.

      3.      I was first contacted by an attorney from Kentucky on behalf of the defendant in this matter, DeWayne Ruark, at the end of August, 2008 and asked to undertake his representation and defense in this matter.  Following the initial contact, I received documents and other information, including copies of the plaintiff's complaint and amended complaint in this action, and the plaintiff's complaints in the 3 other actions she had filed against the defendant in this Court.  I also conducted my own investigation to determine whether there was any merit to the plaintiff's claims and to insure that the defendant had and could present a meritorious defense to those claims.  At that time, I agreed to undertake the representation of the plaintiff in this matter at my standard hourly rate of $275.00.

      4.      After conducting my investigation, I undertook to prepare a motion to set aside the default that had recently entered against him and to dismiss the plaintiff's amended complaint together with a supporting affidavit from Mr. Ruark.  On two (2) occasions I also contacted the plaintiff's attorney in this matter, Joseph Maggiacomo, in an effort to resolve this matter without the need to present the defendant's motion to the Court for a decision and, as requested by Attorney Maggiacomo, sent him a letter of representation on behalf of Mr. Ruark.  Despite those efforts, counsel for the parties were unable to resolve this matter and I proceeded with the preparation of the motion to set

aside the default and to dismiss the plaintiff's amended complaint, which sought a dismissal pursuant to the Massachusetts anti-SLAPP statute. The plaintiff never opposed the motion, including its request for dismissal under the Massachusetts anti-SLAPP statute.

    5.    Between my undertaking to represent Mr. Ruark in this matter and the Court's allowance of the defendant's motion, my client incurred attorney's fees of $3,795.00 and out-of-pocket expenses of $10.80, for a total of $3,805.80. The attorney's fees represent the 13.8 hours I spent in my communications with Mr. Ruark and his counsel in Kentucky, my review and analysis of the plaintiff's complaint and amended complaint in this action, my investigation, review and analysis of the plaintiff's complaints and related documents in her 3 other actions against Mr. Ruark, my investigation of the merits of the plaintiff's claims and Mr. Ruark's defenses, researching the law supporting those claims and defenses, drafting the defendant's motion to set aside the default and to dismiss the plaintiff's amended complaint pursuant to, *inter alia*, the Massachusetts anti-SLAPP statute, drafting Mr. Ruark's supporting affidavit, communicating with the plaintiff's counsel, Attorney Joseph Maggiacomo, and preparing and filing the motion and supporting affidavit with the Court. In addition, I estimate that the time required for preparing and filing this affidavit with the Court at 1 hour, and for preparing the motion to assess attorney's fees at 0.5 hour, for an additional cost of $412.50 to the defendant, for a total of $4,218.30. I have been a member of the Bar of this Court and of the Bar of the Commonwealth of Massachusetts for more than 23 years, during which time I have handled thousands of cases and tried more than 100 civil jury and jury waived trials. My hourly rate is $275, which I in my experience is both

reasonable and comports with fees charged within the legal community in Boston where my office is located. Accordingly, on behalf of Mr. Ruark, and as provided in the Massachusetts anti-SLAPP statute, Section 59H of Chapter 231, I am requesting that this Court "award the moving party [the defendant] costs and reasonable attorney's fees, including those incurred for the special motion," in the amount of $4,080.80.

Signed under the pains and penalties of perjury this 12th day of November, 2008.

                  ___/s/Brian A. Gillis_____
                  Brian A. Gillis, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon each party appearing pro se and the attorney of record for each other party by electronic delivery on November 12, 2008.

                  ___/s/Brian A. Gillis_____
                  Brian A. Gillis, Esq.